IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | No. 3:97-cv-00055-K-21 |
| § | |
| JAMIE PERKINS, § #29589-077, § Defendant. § | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jamie Perkins' Amended Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), filed on October 6, 2022. (Doc. 1116.) The government filed a response, stating it does not oppose the Court granting Perkins relief under § 404 of the First Step Act of 2018 ("FSA") or 18 U.S.C. § 3582(c)(2) on counts twenty-one, twenty-four, and twenty-five (the cocaine-base distribution counts), but it opposes the Court granting compassionate release. (Doc. 1122.) Perkins filed a reply. (Doc. 1125.) Having considered all the relevant pleadings and applicable law, the Court finds Perkins' motion should be GRANTED. Therefore, the Court **REDUCES** Perkins' sentence to **time served**, and **ORDERS** that he be immediately released from custody under the previously imposed conditions of supervised release. (Doc. 764.)

I.

Following a jury trial in May 1997, Perkins was found guilty of one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (count one); two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (counts twenty-four and twenty-five); one count of distribution of a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count twenty-one); two counts of the use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (counts twenty-two and twenty-seven); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count twenty-six). On December 4, 1997, Perkins was sentenced and received a total term of 528 months' imprisonment. He received 360 months' imprisonment for the two counts under § 924(c), which included a 20-year mandatory-minimum sentence for a "stacked" § 924(c) conviction. Perkins also received 168 months' imprisonment for the conspiracy count (count one) and the three counts of distribution of a controlled substance (counts twenty-one, twenty-four, and twenty-five).

Perkins appealed to the Fifth Circuit Court of Appeals. On June 15, 1999, his judgment was affirmed in part, but his conviction and sentence on count one, the conspiracy count, were vacated and remanded to the District Court for further proceedings. Perkins was originally convicted of conspiracy to possess with intent to distribute cocaine base, but the government conceded error regarding the conspiracy

conviction on appeal. Because the sentence on the conspiracy conviction, count one, ran concurrently with the sentences imposed on the other counts, removal of the conspiracy count had no impact on the overall sentence on remand. On December 9, 1999, Perkins was resentenced without count one, and he, again, received a total term of 528 months' imprisonment.

Thereafter, Perkins moved for two sentence reductions, which resulted in decreases to his total sentence. On January 30, 2009, the Court granted his motion under § 3582(c)(2) and reduced his sentence to 133 months' imprisonment on the distribution counts (counts twenty-one, twenty-four, and twenty-five). Perkins' total term of imprisonment was reduced to 493 months' imprisonment. On January 23, 2012, the Court reduced his sentence to 452 months, but it later corrected the sentence to a total term of imprisonment of 480 months' imprisonment. The 480-month sentence is what Perkins is presently serving.

In September 2000, Perkins filed his first motion to vacate, set-aside or correct sentence under 28 U.S.C. § 2255. The § 2255 motion was denied on March 6, 2022. On June 13, 2014, Perkins filed a second § 2255 motion. The Court determined it to be second or successive and transferred it to the Fifth Circuit Court of Appeals.

On December 9, 2021, Perkins filed a motion seeking compassionate release under § 3582(c)(1)(A) and a reduction in his sentence under § 404 of the FSA. Perkins failed to exhaust his administrative remedies on his stacked § 924(c) claim, and the Court denied the motion without prejudice on February 9, 2022.

## II.

On December 21, 2018, while Perkins was serving his sentence, Congress passed the FSA. *See* Pub. L. No. 115-391, 132 Stat. 5194. As is relevant here, Congress amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to eliminate stacking. *See id.*, § 403. After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C). However, the provision to eliminate stacking is not retroactive. *Id.*

In the instant motion, Perkins seeks modification of his sentence to time served on count twenty-seven, the § 924(c) conviction, under § 3582(c)(1)(A)(i). Perkins claims that extraordinary and compelling reasons warrant a reduction in his sentence, and he makes three main arguments in support. One, Perkins argues that if he had been tried in 2000, the result could have been very different on the "short-barreled shotgun" § 924(c) count due to the Supreme Court's holding in *United States v. Castillo*, 530 U.S.120 (2000). Specifically, Perkins contends that the result would have been a substantial reduction in his sentence, but he did not get the reduction because *Castillo* does not apply retroactively. (Doc. 1117 at 6-7) (citing *United States v. Gonzales*, 327 F.3d 416, 421-22 (5th Cir. 2003)). Perkins claims that if he had been sentenced after the FSA and convicted on a single § 924(c) count, he would have received a 15-year reduction in his sentence, which is all that is allowed today. Second, citing *Alleyne v.*

4

*United States*, 568 U.S. 545 (2013), Perkins argues that at his trial, the government's evidence did not prove, and in fact disproved, he had at least 50 grams of cocaine base, as was required at the time to impose a 10-year sentence. *Alleyne* is not retroactively applicable, and Perkins claims he did not get a sentence reduction below the 10-year minimum. Finally, Perkins argues that he was unable to take advantage of the Fair Sentencing Act, 18 U.S.C. § 3582(c), because he was convicted in 1997, and the Fair Sentencing Act applies only to those defendants sentenced after its enactment.

The government concedes that Perkins is eligible for a sentence reduction on counts twenty-one, twenty-four, and twenty-five (the distribution counts) under § 404 of the FSA and/or § 3582(c)(2) and Amendment 782, but the government contends that such a reduction on those counts would not reduce Perkins' total term of imprisonment. The government also opposes a sentence reduction based on compassionate release. As set forth below, the Court rejects the government's arguments against a sentence reduction based on compassionate release. The Court finds Perkins has presented compelling reasons that justify a sentence reduction based on compassionate release under the limited circumstances of this case.

### III.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the FSA of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment,

5

probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see Chambliss*, 948 F.3d at 693 n.1.

In *United States v. Shkambi*, the Fifth Circuit Court of Appeals held that this statute gives district courts discretion, after applying the statutory factors, to modify and reduce sentences. 993 F.3d 388, 393 (5th Cir. 2021). Critically, the Court made clear that when considering a motion for compassionate release filed by a prisoner, rather than by the BOP, the district court is not bound by the extraordinary and compelling reasons set forth in the policy statement in Application note 1. *Id.* Rather, "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.*

This broad discretionary authority permits district courts considerable margin to decide what constitutes "extraordinary and compelling reasons" when reviewing a prisoner's own motion even if it is based on a non-retroactive sentencing change, such as the anti-stacking amendment to § 924(c), and/or other circumstances. The Fifth Circuit has suggested as much. In *United States v. Cooper*, the Court remanded "for the district court to consider, in the first instance, whether the nonretroactive sentencing changes to [the defendant's] § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." 996 F.3d 283, 289 (5th Cir. 2021); *see also United States*

6

*v. Rios*, No. 21-10371, 2022 WL 101970, at *1 (5th Cir. Jan 10, 2022) (per curiam) (remanding for the district court to determine whether a life sentence rose to extraordinary and compelling circumstances for a sentence reduction). Further, in *Cooper*, the district court on remand reduced the sentence on the second § 924(c) conviction. *United States v. Cooper*, No. 4:09-CR-132, slip op. at 7 (S.D. Tex. July 19, 2021) ("The sheer length of [the] sentence, the disparity between the sentence and the sentence he would receive today, and the proportion of his sentence—50%—made up of the now-repudiated § 924(c) mandatory minimum, are extraordinary.").

The circuit courts of appeals that have addressed the issue are split. Three have concluded that district courts have the discretion to consider non-retroactive sentencing changes on a case-by-case basis as one of several factors constituting extraordinary and compelling reasons for a reduction in sentence. *See United States v. Ruvalcaba*, 26 F.4th 14, 27-28(1st Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1045-48 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 285-87 (4th Cir. 2020); *accord United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). The other court of appeals have reached the opposite conclusion. *See United States v. Crandall*, 25 F.4th 582, 583–84 (8th Cir. 2022); *United States v. Andrews*, 12 F.4th 255, 261-62 (3d Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). And divided panels of the Sixth Circuit have placed that court on both sides of the isle. *Compare United States v. McKinnie*, 24 F.4th 583, 586-90 (6th Cir. 2022) (endorsing the Third, Seventh, and Eighth Circuits), *with United States v. McCall*, 20 F.4th 1108, 1114-1116

7

(6th Cir. 2021) (holding that nonretroactive sentencing changes can be considered as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction); s*ee also Ruvalcaba*, 26 F.4th at 25 n.8 (summarizing the circuit split and the Sixth Circuit divided panel decisions).

The Fifth Circuit recently affirmed the partial reduction of stacked § 924(c) sentences, finding the district court did not abuse its discretion in reducing the aggregate sentence from 1,141 months to 491 months, even though the reduction was smaller than the defendant had requested. *United States v. Lyle*, No. 21-20005, 2022 WL 126988 (5th Cir. Jan. 12, 2022) (per curiam). In *Lyle*, the lower court had relied on the § 924(c) non-retroactive sentencing change and "the discrepancy of comparative sentences" in finding extraordinary and compelling reason for reducing the sentence. *United States v. Lyle*, 506 F.Supp.3d 496, 503 (S.D. Tex. Dec. 9, 2020), *aff'd*, 2022 WL 126988 (5th Cir. Jan. 12, 2022).

Furthermore, this Court and numerous other lower courts have reduced sentences in exceptional cases, like this one, relying on combined factors such as sentencing changes, the length of the sentence, and the defendant's particular circumstances. *See e.g. United States v. Fields*, No. 3:93-CR-166-K-1 (N.D. Tex. Nov. 3, 2021) (reducing life sentences for non-violent drug offenses to time served) (Kinkeade, J.); *United States v. Cathey*, No. 4:99-CR-84-Y (Means, J.) (reducing virtual life sentence to 324 months based on sentencing changes); *United States v. Rainwater*, No. 3:94-CR-042-D-1, 2021 WL 1610153, at *1 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.) (reducing

8

§ 924(c) stacked sentence); *United States v. Tolliver*, 529 F.Supp.3d 619, 620–21 (N.D. Tex. 2021) (Means, J.) (same); *United States v. Fowler*, No. 4:92-CR-177-Y (N.D. Tex. Feb. 24, 2021) (Means, J.) (same); s*ee also United States v. Hebert*, 1:96-CR-41-TH-1, 574 F. Supp.3d 416 (E.D. Tex. 2021) (reducing § 924(c) stacked sentence); *United States v. Cooper*, No. 4:09-CR-132 (S.D. Tex. July 19, 2021) (same); *United States v. Lyle*, 506 F.Supp.3d 496, 503 (S.D. Tex. Dec. 9, 2020) (same), *aff'd*, 2022 WL 126988 (5th Cir. Jan. 12, 2022).

Finally, a growing number of courts have recognized the mere fact that the amendments to § 924(c) are not retroactive does not mean Congress intended to prohibit courts from providing relief on an individual basis under § 3582(c)(1)(A). *See Ruvalcaba*, 26 F.4th at 28; *McCoy*, 981 F.3d at 285-87; *Tolliver*, 529 F.Supp.3d at 620–21; *Lee*, 2021 WL 3129243, at *4; *Sterling*, 2021 WL 197008, at *5. Rather, courts have determined what matters is whether the defendant has shown extraordinary and compelling reasons warranting a reduction. In this case, Perkins has done that.

## IV.

Considering the totality of the circumstances present in this case, the Court concludes Perkins has demonstrated extraordinary and compelling reasons for a sentence reduction to time served. As discussed, both his original sentence and sentence on remand were 528 months' imprisonment. Following reductions, Perkins is presently serving a sentence of 480 months. Perkins has been continuously

9

incarcerated, and as of the date of the instant motion, he had been incarcerated for 307 months (25 years and 7 months).  (Doc. 1116 at 6.)

Perkins has served his entire sentence except for the 20-year mandatory-minimum sentence imposed in count twenty-seven, the "stacked" § 924(c) conviction. He was convicted when he was only twenty-three years old, and he is now forty-seven years old.  (*Id.* at Ex. 1 ¶¶ 5-6.)  And each of Perkins's codefendants have been released from prison.  *See United States v. Traylor*, Case Number 3:97-cr-55-K (six codefendants had their charges dismissed); *see also* (Doc. 1116 at 8).

While incarcerated, Perkins has made strong attempts to better himself.  For example, he has obtained a GED.  (Doc. 1116 at Ex. 1 ¶ 7.)  He has also participated in vocational training and other prisoner education programs.  (*Id.*)  Perkins has worked during his incarceration.  (*Id.*) Perkins also got married while incarcerated to Marie A. Perkins.  (*Id.* at Ex. 1 ¶ 8.) Sadly, Marie died in early 2021 from kidney failure.  (*Id.*)

Perkins has presented the Court with a solid release plan.  Specifically, he plans to reside in Coal City, West Virginia with his stepson, who is mentally challenged.  (*Id.* at Ex. 1 ¶ 9.)  Upon release, Perkins plans to serve as the caregiver for his deceased wife's mother, who also resides in Coal City, West Virginia.  (*Id.*)  Most significant, Perkins has secured employment with Archers on the Move LLC as a driver or freight dispatcher.  (*Id.* at Ex. 1 ¶ 11.)  Archers on the Move LLC is in the business of transporting general freight on an interstate basis.

A court is obligated to consider the § 3553(a) factors to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). In this case, the Court finds that the factors under § 3553(a) factors weigh in favor of reducing Perkins' sentence. The Court does not discount the seriousness of Perkins' prior crimes, which include his involvement in cocaine-base distribution in the instant case, two prior convictions for burglary of a motor vehicle, and a prior conviction for hindering apprehension. In addition, Perkins committed the instant offense while he was on probation and less than two years after release from prison. However, at the time Perkins filed the instant motion, he had served 307 months of incarceration. That 307 months' imprisonment is more than sufficient to demonstrate the need for deterrence, public safety, and respect for the law. Moreover, as discussed, Perkins has made many commendable attempts to better himself while incarcerated. And he has presented a solid release plan, which includes secure employment. A sentence should be "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a). Therefore, the § 3553(a) factors weigh in favor of reducing Perkins' sentence.

In sum, after considering the totality of the circumstances, the Court finds Perkins has shown extraordinary and compelling reasons that justify a reduced sentence under § 3582(c)(1)(A)(i). The Court also finds that his release from imprisonment will not pose a danger to the safety of any other person or the community and does not undermine the statutory purposes of sentencing. Last, the § 3553(a) factors support a sentence reduction in Perkins' case.

## V.

The Court GRANTS Perkins' motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1116), **REDUCES** his sentence to **time served**, and **ORDERS** that he be immediately released from custody under the previously imposed conditions of supervised release.  (Doc. 764.)

SO ORDERED.

Signed January 11th, 2023.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE